## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVE VAN DUYNE, FABIAN BYRN, LLC, FUND ADMINISTRATOR FOR THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 81, AFL-CIO HEALTH & WELFARE ANNUITY FUNDS,** | : : : : : : | **CIVIL ACTION NO. 3:22-252** (JUDGE MANNION) |
| **Plaintiffs** | : | |
| **v.** | : | |
| **MULROONEY & SPORER, INC.,** | : : | |
| **Defendant** | : : | |

## MEMORANDUM

Pending before the court is the plaintiffs' motion for default judgment. (Doc. 7). Upon review, the plaintiffs' motion will be **GRANTED**.

By way of relevant background, the plaintiffs filed the instant action on February 22, 2022 seeking to compel the defendant to submit to an audit of its payroll records pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, and the plaintiffs' Statement of Policy for Collection of Delinquent Contributions under which the defendant is bound. (Doc. 1). When the defendant failed to plead or

otherwise defend in a timely manner, default was entered by the Clerk of Court against the defendant. (Doc. 6). The plaintiffs have now moved for default judgment against the defendant (Doc. 7) and have filed a brief in support of their position (Doc. 8).

Where a party moves for default judgment, the court must evaluate the following: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Laborers District Council Construction Industry Pension Fund v. Miniscalco Corp.*, 2022 WL 802165, *2 (E.D.Pa., March 16, 2022) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *see also, e.g., Int'l Union of Operating Eng'rs v. N. Abbonizio Contractors*, 134 F.Supp.3d 862, 865 (E.D. Pa. 2015). In considering these factors, the court is to accept all factual allegations in the complaint as true. *Id.* (citing *Serv. Emps. Int'l Union v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa 2018)). However, "a party in default does not admit mere conclusions of law," so before considering the *Chamberlain* factors, the court must consider "whether the unchallenged facts constitute a legitimate cause of action." *Id.* (quotation marks omitted). Should default judgment be appropriate, it "must not differ in kind from, or exceed, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

- 2 -

In their complaint, the plaintiffs allege that the defendant and International Brotherhood of Electrical Workers Local Union No. 81 ("Local 81") have been parties to a collective bargaining agreement ("CBA") covering the defendant's operations. Pursuant to the CBA, the defendant is required to remit contributions to various Union Funds on behalf of its employees and deduct Union dues to Local 81. Also pursuant to the terms of the CBA, as well as Local 81 Funds' Statement of Policy for Collection of Delinquent Contributions, the defendant is required to submit Monthly Remittance Reports detailing for each employee the gross wages paid, the regular and overtime hours worked each week, and calculations of the total amount due and owing to Local 81 and the Local 81 Funds.

The plaintiffs allege that they have become aware that the defendant has failed to accurately record its Monthly Remittance Reports and are now requesting to audit the financial records of the defendant, including payroll ledgers, Federal and State tax returns, IRS Form 941, and other books and records necessary for the auditor to give an unqualified opinion that the proper contributions have been made and that an employer has remitted all payments required to the respective Funds.

The plaintiffs allege that the Funds have exercised their right to request an audit of the defendant's records to determine whether the contractual

- 3 -

contributions and dues have been properly remitted by the defendant. Specifically, on or about August 25, 2021, the defendant was notified that it had been selected for a Payroll Compliance Review for the period of January 1, 2019, to the present. Subsequently, on August 30, 2021, the defendant was notified by the Auditor for the Funds that a Payroll compliance Review was to be conducted for the period of January 1, 2019 to the present, and that the defendant would be required to provide specified payroll documentation to the Auditor to perform the review. The defendant failed to respond. As such, the Funds, through counsel, sent correspondence notifying the defendant of its obligation to cooperate with the Auditor and again requesting documentation. The defendant has refused to cooperate with the requests for an audit and failed to provide requested records.

In the only count of their complaint, the plaintiffs allege breach of contract and statutory obligations under ERISA §505. Specifically, the plaintiffs allege that pursuant to the CBA, the defendant is required to remit contributions to various Union Funds on behalf of its employees. The plaintiffs believe the defendant has failed to accurately record Monthly Remittance Reports for which they are obligated to remit contributions under the terms of the CBA. Pursuant to ERISA and the Funds' Statement of Policy for Collection of Delinquent Contributions, the plaintiffs allege the Funds are

- 4 -

entitled to compel the defendant to undergo an audit to determine the actual amount of funds due and owing to the Local 81 based upon the number of hours worked by each of the defendant's employees during the relevant time. According to the plaintiffs' complaint, the refusal of the defendant to submit to an audit is a derogation of its responsibilities. Therefore, the plaintiffs seek judgment in the form of an order compelling the defendant to submit to an audit and accounting of all amounts due to the plaintiffs based upon examination of the defendant's payroll records; judgment in an amount as determined to be due and owing as disclosed by the audit, plus applicable interest, liquidated damages and contractual late assessments; costs and reasonable attorneys' fees.

In reviewing the allegations of the plaintiffs' complaint, the court finds the complaint is sufficient to state a breach of contract and statutory claim against the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

Moving then to the factors to be considered in relation to a motion for default judgment: First, because the defendant has failed to defend itself, the plaintiffs suffer prejudice if they do not receive a default judgment because they have no alternative means of vindicating their claim. Second, there is

no showing that the defendant has a meritorious defense because the defendant has failed to respond or otherwise defend itself. *See Directv, Inc. v. Asher*, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006). Third, the defendant's failure to respond permits the court to draw an inference of culpability on in its part. *See Surdi v. Prudential Ins. Co. of Am.*, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) (when defendant "has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgement against him is appropriate")). All of the factors therefore weigh in favor of entering default judgment.

In light of the foregoing, an appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 14, 2023**
22-252-02

- 6 -